**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE: 3:11cv69-GCM[1]**

| | |
|---|---|
| **MICHAEL LEE GREEN,** *A/K/A MICHAEL GREENE* ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **ORDER** |
| **NORTH CAROLINA STATE BUREAU OF INVESTIGATION CRIME LAB, <u>et. al.</u>,** ) ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Also before the Court is Plaintiff's *pro se* Motion to Amend the Complaint. (Doc. 2.)

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was convicted by a jury on February 16, 2010 of conspiracy to distribute and possess with intent to distribute crack and powder cocaine in violation of 21 U.S.C. § 846 & 841, and conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951. (Case No. 3:09cr39-5, Doc. 343.)[2] The jury found Plaintiff responsible for less than 500 grams of powder cocaine and 50 grams or more of crack cocaine. (<u>Id.</u>)

Prior to sentencing on these convictions, Plaintiff filed the instant § 1983 Complaint

---

[1]This case has been reassigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. <u>See</u> 3:11mc67-W, Doc. 1.

[2]The Court may take judicial notice of matters of public record. <u>Philips v. Pitt County Memorial Hospital</u>, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

alleging, among other things, that Defendant Lindley, a forensic chemist employed by the North Carolina State Bureau of Investigation ("SBI"), testified falsely at his federal trial and that Defendant Mullis knowingly relied upon false information to obtain a warrant for Plaintiff's arrest. (Doc. 1 at 3-4.)[3] Plaintiff sought an immediate injunction requiring that the evidence tested by Defendant Lindley that was used against him in his federal trial be retested by an independent laboratory prior to his sentencing. Defendant also sought monetary damages against all of the Defendants. The next day, February 8, 2011, Plaintiff filed a Motion to Amend his § 1983 Complaint to add his trial attorney as a defendant and to seek an injunction removing her as his attorney in his federal criminal case. (Doc. 2.)

Sentencing in Plaintiff's criminal case began on February 9, 2011. At the outset, the Court acknowledged the pending § 1983 Complaint and the Motion to Amend and noted that the judge presiding over those matters[4] had not granted the requested injunctive relief. (Case No. 3:09cr39-5, Doc. 587 at 2-4.) The Court then took up Plaintiff's Motion for a New Trial (id. at Doc. 524), which was denied in part and deferred in part (id., Doc. 587 at 156). The Court also denied Plaintiff's oral motion to have the evidence tested by Defendant Lindley retested. (Id. at 157-158.) The Court turned to sentencing issues, which were not resolved by the end of the day; sentencing was continued until March 7, 2011.

On February 15, 2011, Plaintiff filed a written motion in his criminal case seeking retesting of the evidence tested by Defendant Lindley. (Id. at Doc. 549.) That motion was

---

[3]Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.

[4]At the time, Plaintiff's § 1983 Complaint was assigned to Chief District Judge Robert J. Conrad.

denied. (Id. at Doc. 551.) On March 7, 2011, sentencing was concluded, and Plaintiff was sentenced to life in prison. (Case No. 3:09cr39-5, Doc. 561.) Plaintiff filed a notice of appeal on March 22, 2011. (Id. at Doc. 559.)

## II. LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a § 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

## III. DISCUSSION

### A. Motion to Amend

A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff filed his Motion to Amend (Doc. 2) the day after he filed his § 1983 Complaint (Doc. 1). His Motion, therefore, falls within the time that he may amend his pleading without leave of the Court or the Defendants. Fed. R. Civ. P. 15(a). As such, Plaintiff's trial counsel shall be added as a defendant in this case, and Plaintiff's request for injunctive relief removing counsel from his criminal case shall be added to his Complaint.

### B. Improper Defendants

The North Carolina State Bureau of Investigation Crime Lab is dismissed as a defendant because the SBI is not a "person" under § 1983. Will v. Michigan Department of State Police,

491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Will, 491 U.S. at 70. For Eleventh Amendment purposes, the SBI is considered an arm of the State of North Carolina.

For similar reasons, the Lilesville Police Department must be dismissed as a defendant. Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that where a defendant is neither an individual nor a corporation, the capacity to be sued is determined by state law. There is no North Carolina statute authorizing suit against a police department. Coleman v. Cooper, 366 S.E.2d 2, 5 (N.C. App. 1988), overruled on other grounds by, Meyer v. Walls, 489 S.E.2d 880, 885-886 (N.C. 1997) (citing Jones v. City of Greensboro, 277 S.E.2d 562, 576 (N.C. App. 1981) (A police department is a "component part[ ] of defendant City ... and as such lack[s] the capacity to be sued.")); see also Butler v. Tabor City Police Dept., No. 5:10–CT–3030–BO, 2011 WL 3157120, at *3 (E.D.N.C. July 26, 2011) ("[T]here is no North Carolina statute authorizing suit against a specific police department."); Moore v. City of Asheville, NC, 290 F. Supp.2d 664, 673 (W.D.N.C. November 13, 2003), aff'd, 396 F.3d 385 (4th Cir. 2005)("[U]nder North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."). Consequently, the Lilesville Police Department is not a proper party to this suit.

Finally, defense counsel M. Victoria Jayne also is dismissed as a defendant. As indicated previously, to be entitled to relief under § 1983, Plaintiff must show that he was deprived of a guaranteed federal right by a person acting under color of state law. As Plaintiff's defense

4

attorney in his federal criminal case, Defendant Jayne was not acting under color of *state* law. Consequently, she is not a proper party to this suit. Furthermore, because Defendant Jayne is not a proper party, this Court does not have jurisdiction to grant Plaintiff's request that she be removed as his trial attorney.[5]

### C. Defendant Pendergraft

Plaintiff asserts that Defendant Pendergraft, former director of the SBI, implemented a policy at the SBI lab "for the forensic chemists to do visual inspections is [sic] small amount of drug cases instead of chemical analysis as a way to save money for the Lab [sic]." (Doc. No. 1 at 3.) Plaintiff, however, has failed to allege sufficient facts that would allow this Court to infer that the policy violated any federal statutory or constitutional right. See Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff, therefore, has failed to state a claim against Defendant Pendergraft. 28 U.S.C. § 1915A(b)(1).

### D. Defendants Mullis and Lindley

According to Plaintiff, he was pulled over for a traffic violation in Anson County in May, 2007. (Doc. 1 at 3.) He was driving a rented jeep, and there was candle wax on the floor board of the jeep. (Id.) Defendant Mullis, a Lilesville police officer, swore before an Anson County Magistrate that he had performed a field test on the candle wax, and it tested positive for cocaine. (Id. at 4.) The candle wax was collected from the jeep and sent to the SBI Crime Lab

---

[5]Even if the Court had jurisdiction to grant the requested relief, the request is moot. See e.g., Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). At the conclusion of sentencing, Defendant Jayne made an oral motion to withdraw as Plaintiff's attorney, which was granted. (Case No. 3:09cr39-5, Doc. 558 at 192-193.)

for analysis. (Id. at 3.) Defendant Lindley, a chemist employed at the lab, testified at Plaintiff's federal criminal trial that she performed five tests on the candle wax and that it tested positive for cocaine, although she could not state whether it was crack or powder cocaine. (Id. at 3-4.)

Plaintiff alleges that Defendant Mullis lied to the magistrate when he swore that he had performed a field test on the candle wax. (Id. at 4.) Plaintiff also alleges that Defendant Lindley committed perjury when she testified that she had performed five tests on the candle wax. (Doc. 1 at 3-4.) He also contends that she falsified the chemical analysis report so that it showed that the candle wax tested positive for cocaine. (Id. at 3.) He argues that had she done a chemical analysis, she would have discovered that there was no cocaine in the candle wax. (Id.)

Plaintiff's claim against Defendant Mullis is governed by the Fourth Amendment's prohibition against unlawful seizures. See e.g., Figg v. Schroeder, 312 F.3d 625, 636 (4th Cir. 2002). Plaintiff's claim can be read in one of two ways. The first is that he was arrested without a warrant and without probable cause incident to a traffic stop on May 25, 2007. The second is that an unconstitutional seizure occurred when he was held pursuant to a warrant Defendant Mullis obtained by providing false information to a magistrate. Regardless of how it is read, however, Plaintiff's claim against Defendant Mullis is barred by the statute of limitations.

There is no federal statute of limitations for claims brought under § 1983; the federal courts, however, generally apply the relevant state statute of limitations governing personal injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985) ("[Section] 1983 claims are best characterized as personal injury actions."), superseded on other grounds by statute, 28 U.S.C. § 1658(a), as recognized in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-82 (2004). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen.Stat. § 1-52(5). Thus, North Carolina's

three-year statute of limitations governs Plaintiff's claims.  See e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).

Although the limitations period for claims brought under § 1983 is borrowed from state law, the time for accrual of an action is a question of federal law.  Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181 (citation omitted).  In Brooks, the Fourth Circuit considered a claim that a warrantless arrest was not supported by probable cause analogous to a common-law claim of false arrest and held that the statute of limitations for an unlawful warrantless arrest began to run on the date of the arrest.  85 F.3d at 181-182 ("There is no question that on the day of his arrest [the plaintiff] knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury.") (citations omitted).  Plaintiff was arrested by Defendant Mullis on May 25, 2007.  (Case No. 3:09cr39-5, Doc. 516 at 21 ¶ 116.)  Therefore, to the extent that he alleges a warrantless arrest unsupported by probable cause, Plaintiff had until May 25, 2010 to file this action.  Brooks, 85 F.3d at 182.

The Brooks court also concluded that an arrest made by a warrant that was not supported by probable cause was analogous to the common-law tort of malicious prosecution.  Id. at 183.  The statute of limitations for a malicious prosecution cause of action does not accrue until criminal proceedings terminate in favor of the accused.  Id. (citations omitted).  The charges of possession with intent to sell and deliver cocaine and trafficking in cocaine brought against Plaintiff as a result of his May 25, 2007 arrest were dismissed on June 25 and 26, 2007.  (Case No. 3:09cr39-5, Doc. 516 at 21 ¶ 116.)  Therefore, to the extent that he alleges Defendant Mullis obtained an arrest warrant that he knew was not supported by probable cause, Plaintiff had until June 27, 2010 to file this action.  Brooks, 85 F.3d at 182.

As indicated previously, Plaintiff filed his Complaint on February 7, 2011.  (Doc. 1.)

Consequently, his Fourth Amendment claim against Defendant Mullis is time-barred.

Plaintiff's claim against Defendant Lindley, on the other hand, is not cognizable under § 1983. In Heck v. Humphrey, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence previously has been invalidated. 512 U.S. 477, 487 (1994). A finding for Plaintiff that Defendant Lindley committed perjury and falsified her report necessarily would imply that Plaintiff's federal conviction for conspiracy to distribute and possess with intent to distribute cocaine was invalid. Plaintiff's drug conspiracy conviction has not been invalidated, however. United States v. Michael Greene, No. 11-4324 (4th Cir. filed March 22, 2011). He, therefore, cannot recover damages for his claim against Defendant Lindley. Heck, 512 U.S. at 487.

    E.    **Request forInjunctive Relief**

In his Complaint, Plaintiff sought injunctive relief in the form of an order requiring the SBI to turn the candle wax over to an independent lab for testing before Plaintiff was sentenced in his federal criminal case. Plaintiff was sentenced on March 7, 2011, and his appeal is now pending before the Fourth Circuit. Therefore, assuming that this Court had jurisdiction to grant such a request, Plaintiff's request for injunctive relief is moot.. See Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

## IV.    ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Clerk is directed to reassign this case to the Honorable Graham C. Mullen, Senior United States District Judge;

2. Plaintiff's Motion to Amend his § 1983 Complaint (Doc. 2) is **GRANTED**; and

3. Plaintiff's § 1983 Complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Signed: September 13, 2011

Graham C. Mullen
United States District Judge