UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-69-GCM

| | | |
|---|---|---|
| MICHAEL LEE GREEN, | ) | |
| A/K/A MICHAEL GREENE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA STATE BUREAU OF | ) | |
| INVESTIGATION CRIME LAB, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the following motions filed by Plaintiff:

1. Motion pursuant to Fed. R. Civ. P. 52 (Doc. No. 9);

2. Motion to Appoint Counsel, (Doc. No. 10); and

3. Motion for Reconsideration re Order Dismissing Case, (Doc. No. 11).

For the reasons that follow, Plaintiff's Motions will be denied.

The Court entered an Order dismissing Plaintiff's § 1983 Complaint after an initial review for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). (Doc. No. 7 at 2). Plaintiff filed a Motion to Reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 11). Rule 59(e) provides an avenue for an aggrieved party to move the court to alter or amend a judgment. Plaintiff contends in his motion that the Court "misconstrues plaintiff's arguments which is highly prejudice to plaintiff." (Doc. No. 11 at 1). Plaintiff has invited the Court to reconsider the decision to dismiss the claim. The Court declines to reconsider this matter, and Plaintiff's motion will therefore be denied.

Next, Plaintiff moves the Court pursuant to Rule 52 (a) and (b) of the Federal Rules of

1

Civil Procedure to enter additional findings. Specifically, Plaintiff moves the Court "to be more specific" about how it reached the conclusions contained in the Order dismissing Plaintiff's complaint. (Doc. No. 9). Plaintiff's Complaint was dismissed because the Court concluded as a matter of law that the complaint failed to state a claim upon which relief may be granted. Section 1915A contains no requirement that the Court enter any particular findings when dismissing a case for failure to state a claim. Whether or not to enter additional findings is within the discretion of the Court. Fed. R. Civ. P. 52(b). See Golden Blount, Inc. v. Peterson Co., 438 F.3d 1354, 1358 (Fed. Cir. 2006) (citing Moore's Federal Practice ¶ 52.60[2]).The Court declines to exercise its discretion in this case to revisit issues which were clearly drawn and ruled upon in its Order dismissing Plaintiff's Complaint. Accordingly, Plaintiff's Rule 52(a) and Rule 52(b) Motions are denied.

      Last, Plaintiff moves the Court to appoint counsel to assist him in prosecuting his § 1983 Complaint. (Doc. No. 10). Plaintiff asserts that he needs appointed counsel to prevent his claims from "being misconstrued since an attorney would be able to cite case law and better articulate Plaintiff's claims." (Id.). The law is settled that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v.White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of court appointed counsel in a civil case "is a privilege not a right."). The Court declines to exercise its discretion under 28 U.S.C. § 1915(e)(1) to request the assistance of private counsel to assist Plaintiff. The Court finds that Plaintiff was able to fairly articulate his claims for relief in his Complaint and therefore court appointed counsel is not necessary. Plaintiff's motion for

2

appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions, (Doc. Nos. 9, 10, and 11), are **DENIED.**

Signed: April 24, 2012

Graham C. Mullen
United States District Judge