UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-69-GCM

| MICHAEL LEE GREEN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| NC STATE BUREAU OF INVESTIGATION CRIME LAB, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Correct Order and for Relief from Order, (Doc. No. 14), filed by counsel on August 3, 2018 in which he seeks relief under Federal Rules of Civil Procedure 60(a) and (b)(1). Also pending is Plaintiff's Motion to accept his Reply as timely filed, (Doc. No. 21), which will be granted.

The incarcerated Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on February 4, 2011. (Doc. No. 1). He argued, *inter alia*, that he was convicted in a criminal case based on false testimony by a North Carolina State Bureau of Investigations forensic chemist. The Court dismissed the Complaint on initial review on September 13, 2011. (Doc. No. 7). The Court concluded that Plaintiff had named improper Defendants, failed to sufficiently allege that a constitutional or statutory rights violation had occurred, failed to file within the three-year statute of limitations, and that the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff filed a Rule 59(e) motion for reconsideration of the judgment arguing that he had stated facially sufficient claims for relief, which the Court denied on April 24, 2012. Plaintiff did not appeal.

1

Plaintiff filed the instant Rule 60 Motion on August 3, 2018. He asks the Court to "correct" the September 13, 2011, Order because it made the "mistake" of concluding that the Complaint was barred by the statute of limitations. He asserts that the Court incorrectly found that the drug charges brought against him were dismissed on June 25 and 26, 2007, but that the criminal case was not actually dismissed until March 24, 2008. Therefore, he concludes, the Court's finding that his § 1983 Complaint was time-barred was incorrect.

Rule 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The discretion conferred by Rule 60(a) may be abused "by an exercise that is flawed by erroneous factual or legal premises." James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The Rule "allows … courts to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations." Sartin v. McNair Law Firm PA, 756 F.3d 259, 265 (4th Cir. 2014). The Rule is properly used "to perform a completely ministerial task" such as "making a judgment more specific in the face of an original omission." Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I, 275 Fed. Appx. 199, 204 (2008) (quoting Kosnowski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994)). "[A] court may not employ Rule 60(a) to reconsider a matter that has already been decided." Sartin, 756 F.3d at 265. "The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consists of blunders in execution whereas the latter consists of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." Rhodes v. Hartford Fire Ins. Co., 548 Fed. Appx. 857, 859-60 (4th Cir. 2013) (quotations omitted). For instance, "[c]lerical mistakes,

2

inaccuracies, of transcription, inadvertent omissions, and errors in mathematical calculations are within Rule 60(a)'s scope; *missteps involving substantive legal reasoning are not.*" Sartin, 756 F.3d at 265 (quoting Rivera v. PNS Stores, Inc., 647 F.3d 188, 194 (5th Cir. 2011)).

Rule 60(a) also authorizes a court to correct "a mistake arising from oversight or omission." Rule 60(a). Such a mistake occurs when there is an "inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." Sartin, 756 F.3d at 265. A "mistake arising from oversight or omission" also includes an unintended ambiguity that obfuscates the court's original intent. Id. In this situation, a court can correct such a mistake to conform he text with its original intent. Id. A court's authority under this provision is "limited to making corrections that are *consistent with the court's intent at the time it entered the judgment.*" Id. (quoting Rivera, 647 F.3d at 195). The court's original intent "may be ascertained through consideration of contemporaneous documents such as a memorandum opinion or transcript, and by the presiding judge's own subsequent statements regarding his intent." Sartin, 756 at 266 (quoting Rhodes, 548 Fed. Appx. at 860). "In sum, the scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment." Id. at 266.

Rule 60(b)(1) permits a court to correct an order and provide relief from judgment in the case of mistake, inadvertence, surprise, or excusable neglect. Such a motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Relief under Rule 60(a) will be denied because Plaintiff asks the Court to change its mind

3

about the substance of its finding that the § 1983 Complaint was filed outside the statute of limitations. This is not a ministerial issue, but rather, Plaintiff challenges the Court's conclusion on the merits of the case. Plaintiff had the opportunity to challenge the Court's limitations finding on direct appeal but failed to do so. He will not be permitted to reopen the merits of his civil rights case more than six years after it was dismissed. Therefore, the Rule 60(a) Motion will be denied.

Insofar as Plaintiff relies on Rule 60(b)(1), relief will be denied because the instant Motion was filed well outside the one-year time limit for asserting mistake, inadvertence, surprise, or excusable neglect.

**IT IS, THEREFORE, ORDERED** that:

(1)  Plaintiff's Motion to Consider Plaintiff's Reply to Defendant's Response to Plaintiff's Rule 60 Motion Out of Time, (Doc. No. 21), is **GRANTED.**

(2)  Plaintiff's Motion to Correct Order and for Relief from Order, (Doc. No. 14), is **DENIED**.

Signed: September 12, 2018

Graham C. Mullen
United States District Judge